UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUN CHEN,                                                                                  Docket No: 17-CV-6153
on behalf of himself and other similarly situated,

                                        Plaintiffs,

-against-


SUSHI 21 NY INC.
       d/b/a Sushi 21, and
SHAN CHEN
       a/k/a Sam Chen
                                       Defendants.
-------------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS
## MOTION FOR SUMMARY JUDGMENT


Dated:  New York, NY
        June 29, 2018

                                          */s/ Vincent S Wong*
                                          Vincent S. Wong, Esq. (VW9016)
                                          Law Offices of Vincent S. Wong
                                          39 East Broadway, Suite 306
                                          New York, NY 10002
                                          P: (212) 349-6099
                                          F: (212) 349-6599

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES 3

PRELIMINARY STATEMENT 5

STATEMENT OF FACTS 5

SUMMARY JUDGMENT STANDARD 6

I: PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW 8

      THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION 11

CONCLUSION 13

CERTIFICATION OF COMPLIANCE 14

## TABLE OF AUTHORITIES

### Statute

| | |
|---|---|
| 28 U.S.C. §1367 | 11 |
| 29 C.F.R. § 779.103 | 10 |
| 29 C.F.R. 779.266 | 9 |
| 29 U.S.C. § 203 | 8 |
| 29 U.S.C. § 207(a)(1) | 8, 10 |

### Cases

| | |
|---|---|
| *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) | 6 |
| *Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) | 11 |
| *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000) | 10 |
| *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) | 12 |
| *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) | 12 |
| *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) | 6, 7, 9 |
| *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007). | 6 |
| *Grant v. All Star Baby Safety, Inc.*, 2016 U.S. Dist. LEXIS 88851, at *4 (E.D.N.Y. July 8, 2016) | 9 |
| *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) | 7 |
| *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999). | 12 |
| *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) | 11,12 |
| *Lamont v. Frank Soup Bow1 Inc.*, 2001 WL 521815, at *7 | 11 |
| *Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014) | 8 |

*Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010)   11

*Louisdor v. Am. Telecomms., Inc.*, 540 F.Supp.2d 368, 374 (E.D.N.Y.2008)   11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)   7

*Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998)   11

*McLeod v. Threlkeld*, 319 U.S. 491,497 (1943)   10

*Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861,
at *3 (E.D.N.Y. Apr. 17, 2013)   8

*Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015)   13

*Robertson v. The Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998)   12

*Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588,
at *2 (E.D.N.Y. Sept. 29, 2005)   10

*Wirtz v. Melos Construction Corp.*, 408 F.2d 626   8

*Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19   11

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support to the Defendants SUSHI 21 NY INC (hereafter "SUSHI 21") and SHAN CHEN (collectively, "Defendants") motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## STATEMENT OF FACTS

Defendant Shan Chan is the owner of SUSHI 21[1]. Plaintiff was a deliveryman who worked at SUSHI 21 from July 1, 2016 to October 6, 2016[2].

Plaintiff became sick/injured on October 6, 2016 and brought this lawsuit there after because he needed money. [3]

Plaintiff alleges that he worked 5 days per week, from 11am to 10pm, and also 1 day per week from 4pm to 10pm[4]. Plaintiff alleges that he was paid $1400 per month.[5] Plaintiff's testimony at deposition alleged working to 11pm[6] and that Defendants would ensure that, with tips, Plaintiff received at least $3,000 per month or Defendants would make up the difference[7]. Plaintiff is suing for unpaid wages and overtime.

Defendants dispute Plaintiff's allegations. Defendants' records show that Plaintiff generally worked less than 44 hours per week, and was paid overtime for the few overtime hours worked.[8] Plaintiff's daily tips were also recorded.[9]

---

[1] Decl. of Shan Chen ¶1
[2] Exhibits 4 and 8
[3] Dep. of Jun Chen pg 123 ¶4-23
[4] Complaint ¶ 30.
[5] Complaint ¶ 23
[6] Dep. of Jun Chen pg 48 ¶ 10 -25
[7] Dep. of Jun Chen pg 45 ¶3-12
[8] Exhibits 4 and 8
[9] Exhibit 8

5

While Plaintiff has alleged upon information and belief that Defendants' annual gross sales exceed $500,000 in its complaint[10], Plaintiff testified that he had no actual knowledge of the sales of the restaurant yearly, monthly, weekly, or daily.[11] Plaintiff further testified that he most of his time out of the restaurant making deliveries or in the basement of the restaurant[12], and that he essentially had no information or belief as to the amount of income that restaurant made whatsoever, making this allegation in the complaint completely without basis.

Defendants' actual gross sales were significantly less than $500,000 gross sales per year. Defendants' annual gross sales from May 1, 2014 to April 30, 2015 was $400, 704; from May 1, 2015 to April 30, 2016 was $374, 331; and from May 1, 2016 to April 30, 2017 was $355,058.[13] Defendants gross annual sales for all time periods Plaintiff alleges to have worked there are less than $500,000.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007).

---

[10] Complaint ¶ 10
[11] Dep. of Jun Chen pg 65 ¶14 –25, pg 66¶8 –17
[12] Dep. of Jun Chen pg 64 ¶13 –24
[13] Exhibit 1

6

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp.*, 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id*. at 322–23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e). Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning those portions of Plaintiffs' Complaint which are the subject of the instant motion, partial summary judgment in favor of Defendants is appropriate.

7

## I: PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

Plaintiffs' federal claims should be dismissed as Plaintiffs have failed to provide evidence of essential elements of its Federal claims.

The minimum-wage and overtime provisions of the FLSA apply only to employees who (1) are personally engaged in interstate commerce or in the production of goods for interstate commerce ("individual coverage") or (2) are employed by an enterprise that is engaged in interstate commerce or in the production of goods for interstate commerce ("enterprise coverage"). See 29 U.S.C. § 207(a)(1); see also *Wirtz v. Melos Construction Corp.*, 408 F.2d 626, 627 (2d Cir. 1969). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

An "enterprise engaged in commerce or in the production of goods for commerce" is one that has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and whose annual gross volume of sales equals or exceeds $500,000. *Id*. §§ 203(s)(1)(A)(i)-(ii).

The plaintiff-employee bears the burden of establishing FLSA coverage to prove his employer's liability. *Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8,

2014) (citing *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013)).

Plaintiffs have failed to make a sufficient showing essential elements of enterprise coverage with respect to which Plaintiffs had the burden of proof, i.e. the financial threshold. Defendants are entitled to summary judgment on this jurisdictional prerequisite because the FLSA does not apply to an enterprise that has less than $500,000 in annual gross volume of sales or business done. Plaintiffs have not produced a single document or presented any evidence to suggest any of the parties in this action had annual gross sales in an amount in excess of $500,000, of which Plaintiff has the burden of proving.

To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324. Here Plaintiff cannot do so for the $500,000 gross annual sales element of the FLSA, and as such Summary Judgment must be granted.

Further, not only is there a lack of evidence to show gross sales of $500,000, Defendant has affirmatively provided evidence which shows gross sales of less than $500,000.

Regulations promulgated by the Labor Department permit the use of tax records to compute the annual gross sales of a business. *See* 29 C.F.R. 779.266; *see also Grant v. All Star Baby Safety, Inc.*, 2016 U.S. Dist. LEXIS 88851, at *4 (E.D.N.Y. July 8, 2016) (noting that courts may review tax returns when considering this issue in the context of a motion for summary judgment).

In further support of the lack of the $500,000 element, Defendants have produced tax records for the restaurant showing that the restaurant made substantially less than $500,000 in

9

gross revenue[14],Grubhub records showing deliveries made by the restaurant each month and income derived from that[15], bank records for the corporation[16] (which includes income and deposits from Grubhub and money made by the restaurant from non-Grubhub sales), and the Declaration of Shan Chen a person with actual knowledge of the business, further confirms that gross sales did not exceed $500,000[17]. Based on the foregoing Summary Judgment should be granted on this issue.

As to individual coverage, the FLSA can cover an employee "engaged in commerce or in the production of goods for commerce" regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1); *Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005). ("Where a business fails to meet the enterprise requirements of the FLSA ... a plaintiffs FLSA claim can survive summary judgment only if the plaintiff was engaged in commerce or in the production of goods for commerce."). An employee engages in commerce by "performing work involving or related to the interstate movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" 29 C.F.R. § 779.103 (1970). This must be "a substantial part' of the employee's work." *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000). The employee must be "so closely related to the movement of the commerce as to be a part of it," as opposed to simply performing activities that "affect or indirectly relate to interstate commerce." *Id.* (quoting *McLeod v. Threlkeld*, 319 U.S. 491,497 (1943)).

---

[14] See Exhibits 1
[15] See Exhibits 6
[16] See Exhibits 5
[17] Decl. of Shan Chen ¶17-23

10

In this case, Plaintiff alleges he worked as a deliveryman at the restaurant located in New York City, and there has been no allegation of personal engagement in interstate commerce, as such individual coverage does not apply.

Defendants are entitled to summary judgment on Plaintiffs' FLSA claims as Plaintiff cannot establish essential elements to these claims.

## THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

In the event this Court determines that Defendant's Motion for Summary Judgment is appropriate with respect to the federal claims brought under the FLSA, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 with respect to Plaintiffs' remaining claims brought under the New York State Labor Law. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998). See also *Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19 (declining to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendants on both federal claims); *Lamont v. Frank Soup Bowl Inc.*, 2001 WL 521815, at *7 (stating that "[s]ince there is no federal jurisdiction over either [of plaintiffs' FLSA claims] the complaint must be dismissed).

"Indeed, the court "should ordinarily dismiss the state claims" "[w]hen all bases for federal jurisdiction have been eliminated." *Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) (declining to consider state law wage claim where the court dismissed the federal wage claims); *Louisdor v. Am. Telecomms., Inc.*, 540 F.Supp.2d 368, 374 (E.D.N.Y.2008). Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses the state law claims without prejudice." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010)

11

"[T]he usual case in which all federal-law claims are eliminated before trial" such that "the balance of factors to be considered ... judicial economy, convenience, fairness, and comity ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). *See also Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n. 7, 108 S.Ct. 614; *see also Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well.")." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

"*Robertson v. The Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998)(district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims after granting summary judgment to defendants on federal claims); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802–03 (6th Cir.1996)(same)." *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999).

"[D]ecisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Comity and fairness, both favor that the New York State court make a decision on New York State Statute and Law.

"Other factors counsel in favor of declining supplemental jurisdiction over the Plaintiff's state law claims. In particular, the viability of these pendent state claims is purely a matter of state law which invariably will benefit from adjudication by the final authority on issues of New York state law, namely the New York state courts." *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015).

As such, the court should decline the exercise supplemental jurisdiction over the remaining claims and the case should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendants should be dismissed.

Dated: New York, NY
      June 29, 2018

                                            */s/ Vincent S Wong*
                                            Vincent S. Wong, Esq. (VW9016)
                                            Law Offices of Vincent S. Wong
                                            39 East Broadway, Suite 306
                                            New York, NY 10002
                                            P: (212) 349-6099

## CERTIFICATION OF COMPLIANCE

The foregoing reply brief was prepared on a computer.
A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman
Point size: 12
Line spacing: Double

The total number of words in the Memorandum, inclusive of point headings and footnotes and exclusive of pages containing the cover page, table of contents, table of authorities, certificate of compliance is 2360.

Dated: New York, NY
June 29, 2018

*/s/ Vincent S Wong*
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099