```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUN CHEN, on behalf of himself and others      :
similarly situated,                            :
                                               :   No. 17-CV-6153 (JGK) (OTW)
                    Plaintiffs,                :
                                               :   OPINION AND ORDER
         -against-                             :
                                               :
SUSHI 21 NY INC., doing business as Sushi 21,  :
and SHAN CHEN, also known as Sam Chen,         :
                                               :
                    Defendants.                :
-----------------------------------------------------------x
```

ONA T. WANG, United States Magistrate Judge:

This case was referred to me for general pretrial management, including discovery motions, non-dispositive pretrial motions, and settlement. On May 18, 2018, Defendants filed a letter motion seeking discovery-related sanctions pursuant to Fed. R. Civ. P. 37, (ECF 28), and Plaintiff[1] filed his response on May 25, 2018. (ECF 31). For the reasons stated below, Defendants' motion is denied, without prejudice, as premature.

Plaintiff brings this action pursuant to the Fair Labor Standards Act and New York Labor Law, for Defendants' alleged failure to pay the minimum wage, failure to pay the overtime premium and spread of hours pay, and for Defendants' alleged failure to provide certain notices required by New York law. Plaintiff claims that he was employed at Defendant Sushi 21 as a delivery person from June 1, 2015 to October 6, 2016. (ECF 6 at ¶ 28). Defendants have apparently challenged, among other things, the length of time of Plaintiff's employment.

---

[1] Although styled as a putative collective and class action, Plaintiff has taken no steps to seek conditional certification.

1

Plaintiff provided Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) to Defendants on or around December 15, 2017, in apparent compliance with Judge Koeltl's Scheduling Order of November 28, 2017. (ECF 12). The Court held discovery conferences on April 10 and May 3, 2018. On May 1, 2018, thirteen days before the close of discovery, Plaintiff provided amended Initial Disclosures that listed four new witnesses, all of whom were alleged to be witnesses to Plaintiff's work at Defendant Sushi 21, and none of whom had worked at Sushi 21 themselves.

As a sanction for Plaintiff's delayed and allegedly unjustified disclosure of these witnesses' identities, Defendants seek preclusion of these witnesses at trial. (ECF 28). Defendants sought to depose all of these witnesses before the end of discovery and were only able to depose two out of four witnesses for a short time. (*Id*. at 2). One subpoenaed witness failed to appear. (*Id*. at n.2). Although Defendants did not attach the deposition transcript, Defendants represent that one witness (Mr. Zheng) testified that he had been contacted by Plaintiff's counsel as early as February or March concerning the subject matter of his potential testimony. (*Id*. at 2). In response, Plaintiff's counsel suggests that they did not begin their inquiry into whether any of Plaintiff's friends might be competent to testify to Plaintiff's term of employment until mid-April 2018. (ECF 31).

As the Court indicated at the May 3, 2018 conference, Plaintiff's counsel's failure to fully or timely investigate how they would prove the duration of Plaintiff's alleged employment is not an acceptable excuse for such a delayed disclosure. *See* Fed. R. Civ. P. 26(a)(1)(E). Nonetheless, a sanction of preclusion is not warranted on the record before the Court at this time. *See Scantibodies Lab., Inc. v. Church & Dwight Co.*, 14-CV-2275 (JGK) (DF), 2016 WL 11271874, at *33 (S.D.N.Y. Nov. 4, 2016) (sanction of preclusion "justified only in 'rare

2

situations' evincing culpable conduct by the party against whom the sanction is to be imposed.") (citation omitted), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017). "In determining whether preclusion is appropriate, courts should consider, *inter alia*: "(1) the party's explanation for the failure to comply with the discovery [requirement]; (2) the importance of . . . the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group,* 16-CV-211 (LGS)(SDA), -- F. Supp. 3d -- 2018 WL 4489286, at *18 (S.D.N.Y. Sep. 19, 2018) (quoting *Scantibodies*, 2016 WL 11271874, at *33, and citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (alterations in original)).

The parties have fully briefed a motion for summary judgment on another issue that is currently before Judge Koeltl that may dispose of the entire case. Defendants' motion for summary judgment does not involve the proposed or actual testimony of any of these late-disclosed witnesses; thus, the issue of whether their testimony should be precluded at trial – or whether another remedy may be more appropriate – may be considered after a decision on the motion for summary judgment, if such motion is denied.

Accordingly, Defendants' motion for preclusion (ECF 28) is DENIED at this time.

**SO ORDERED.**

Dated: New York, New York
September 26, 2018

                                                         *s/ Ona T. Wang*
                                                         **Ona T. Wang**
                                                         United States Magistrate Judge